

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. PD-1015-18

### RALPH DEWAYNE WATKINS, Appellant

### v.

### THE STATE OF TEXAS

### ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE TENTH COURT OF APPEALS
### NAVARRO COUNTY

KELLER, P.J., filed a dissenting opinion.

The prior version of our discovery statute required disclosure of certain "evidence material to any matter involved in the action."[1] In 2013, the discovery statute was amended in many significant respects, but it retained the language "evidence material to any matter involved in the action."[2] Addressing the 2013 amendments in this case, the Court construes the word "material" to

---

[1] TEX. CODE CRIM. PROC. art. 39.14(a) (2011).

[2] TEX. CODE CRIM. PROC. art. 39.14(a) (current). Evidence that is exculpatory, impeaching, or mitigating is discoverable regardless of whether it is shown to be "material." *Id.* art. 39.14(h). At issue in this case are other kinds of evidence listed in the statute.

mean "relevant," saying that they mean the same thing and that "relevant" is the ordinary definition of "material." But the Legislature did not change the word "material" to "relevant" when it amended 39.14(a). That fact should itself be a fair indication that the Legislature intended that, in order to be discoverable, the evidence listed in Article 39.14(a) be subject to a materiality standard rather than a standard of mere relevance.

But in case doubt remains about whether the Legislature meant what it said when it used the word "material," there is more evidence. As the Court points out, "material" was changed to "relevant" in the first draft of the amending bill, but that version was not adopted.[3] Instead, in spite of the many amendments to the old discovery statute, the bill was amended to go back to the word "material," and that is the word in statute.[4] The most obvious explanation for the Legislature's rejection of the word "relevant" is the Legislature's rejection of the concept of relevance in 39.14(a). It follows that the Legislature intended to require that the evidence to which 39.14(a) refers be material in order to be discoverable.

The Court acknowledges that the Legislature's choice to use the same phrase as that in the previous statute could suggest that "material" should be seen as different from "relevant." The Court says, though, that it is equally possible that "relevant" was changed back to "material" because two words are synonymous. This is a strange and counter-intuitive canon of construction.[5]

And it is, I think, inaccurate in this case anyway. For one thing, when Rob Kepple of the

---

[3] Tex. S.B. 1611, 83rd Leg., R.S. (2013) (introduced) (providing, among other things, for the discovery of "any evidence relevant to the defendant's guilt or punishment.").

[4] *See supra* at n.2.

[5] I do not know how this reasoning will apply when the Legislature amends a statute to use a word's synonym for a word used in a prior statute.

Texas District and County Attorneys Association said the people he represented were fine with the bill "as it is," he also said that the version of the bill before the Legislature was the result of negotiations and compromises.[6] That being the case, it seems much more likely that changing the word from "relevant" to "material" would have been part of those negotiations rather than simply substituting one supposed synonym for another.

Also, the Court cites to the statements of many commentators about the new statute. But these commentators fairly uniformly seem to say only that the new statute is dramatically changed in that it creates an open-file policy. In that sense, it is true that the statute is a "complete break" from the old. But I do not think that the statements of the commentators cited by the Court support the idea that the statute as a whole is a complete break from the old. The new statute builds on the framework of the old statute and expands it. The new statute does away with the need to show good cause for discovery of evidence described in section (a), but the language that defines what that part of section (a) encompasses, "evidence material to any matter involved in the action," has not changed. That fact, plus the fact that the Legislature affirmatively rejected the change from "material" to "relevant" seem to me to be clear indications that we should not substitute any of the many synonyms for "material" found in dictionaries or thesauruses for the word the Legislature chose to use.

I respectfully dissent.

Filed: March 3, 2021

Publish

---

[6] *See* Public Hearing, H. Comm. on Judiciary & Civil Jurisprudence, Tex. S.B. 1611, 83rd Leg., R.S., video at 44:24 - 45:55 (April 29, 2013).